UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE THE ADMINISTRATIVE INSPECTION OF: | Case No: 2:24-mj-306 |
| COLER DRUG DRESDEN<br>101 West Dave Longaberger Avenue, Suite C<br>Dresden, Ohio 43821<br>DEA Registration # FC2106739 | Magistrate Judge<br>Chelsey M. Vascura<br><br>**UNDER SEAL** |

**APPLICATION FOR ADMINISTRATIVE INSPECTION WARRANT
UNDER THE CONTROLLED SUBSTANCES ACT, 21 U.S.C. 880**

TO:    THE UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

    The Controlled Substances Act, 21 U.S.C. §§ 801-904 ("the Act"), provides for government supervision of those engaged in manufacturing and distributing controlled substances ("Registrants"). The Act requires that a Registrant be registered with the Drug Enforcement Administration (DEA), 21 U.S.C. § 822. There are both civil and criminal penalties for violation of the Act, 21 U.S.C. §§ 841-863.

    To ensure compliance with the Act and its implementing regulations, the DEA is authorized to conduct inspections of the premises of registrants, 21 U.S.C. § 880(b). Specifically, the Act authorizes the DEA to conduct administrative inspections to: (1) inspect and copy records, reports, and other documents required to be kept or made under the Act; and (2) inspect the controlled premises, all pertinent equipment, drugs, and other substances or materials, containers, and labeling found therein (including records, files, papers, processes, controls and facilities) appropriate for verification of the records, reports and documents, or otherwise bearing on the provisions of the Act; and (3) inventory the stock of any controlled substance or listed chemical and obtain samples of such substance, 21 U.S.C. § 880(b)(3).

1

A United States judge, or United States magistrate judge, may, upon a showing of probable cause, issue a warrant for the purpose of conducting an administrative inspection, and seizures of property appropriate to such inspections, 21 U.S.C. § 880(d). In this context, "probable cause" is "a valid public interest in the effective enforcement of [the Act]," 21 U.S.C. § 880 (d)(1). "Probable cause" in the traditional criminal law sense is not required to support the issuance of an Administrative Inspection Warrant. *Marshall v. Barlow's Inc.*, 436 U.S. 307, 320 (1978); *United States v. Voorhies*, 663 F.2d 30, 33 (6th Cir. 1981); *United States v. Schiffman*, 572 F.2d 1137 (5th Cir. 1978).

In *Voorhies*, the Sixth Circuit held that, "the government's representation in the application for the warrant that the premises to be searched had never before been inspected constituted a 'valid public interest' justifying issuance of an administrative search warrant." 663 F.2d at 33.

Caleb Ewing, Diversion Investigator, United States DEA, Columbus District Office, hereby applies for an Administrative Inspection Warrant pursuant to the Controlled Substances Act, 21 U.S.C. § 880(d), for the inspection of the following Registrant:

COLER DRUG DRESDEN
101 West Dave Longaberger Avenue, Suite C
Dresden, Ohio 43821
DEA Registration # FC2106739

This Application for an Administrative Inspection Warrant is based upon the attached Affidavit.

CALEB EWING
Digitally signed by CALEB EWING
Date: 2024.06.08 22:02:59 -04'00'

Caleb Ewing
Diversion Investigator
Drug Enforcement Administration

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE THE ADMINISTRATIVE INSPECTION OF: | Case No: 2:24-mj-306 |
| COLER DRUG DRESDEN<br>101 West Dave Longaberger Avenue, Suite C<br>Dresden, Ohio 43821<br>DEA Registration # FC2106739 | Magistrate Judge<br>Chelsey M. Vascura<br><br>**UNDER SEAL** |

**AFFIDAVIT IN SUPPORT OF AN**
**ADMINISTRATIVE INSPECTION WARRANT UNDER 21 U.S.C. § 880**

Caleb Ewing, a duly authorized Diversion Investigator of the Drug Enforcement Administration (DEA), Department of Justice, assigned to the DEA Columbus District Office, hereby applies for an inspection warrant pursuant to Section 510 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (P.L. 91-513), 21 U.S.C. § 880, and having been duly sworn, hereby submits this affidavit in support of the warrant for the inspection of the controlled premises as follows:

1. COLER DRUG DRESDEN, 101 West Dave Longaberger Avenue, Suite C, Dresden, Ohio 43821, is registered under the provisions of the Controlled Substances Act, 21 U.S.C. § 822 et seq., as a retail pharmacy under DEA Registration # FC2106739, which expires on August 31, 2025. COLER DRUG DRESDEN's location referenced above is a "controlled premises" within the meaning of 21 U.S.C. § 880(a) and 21 C.F.R. § 1316.02(c). Pursuant to the registration, COLER DRUG DRESDEN is authorized to handle controlled substances in Schedules II, IIN, III, IIIN, IV and V.

2. COLER DRUG DRESDEN is required to keep complete and accurate records of all controlled substances received, sold, delivered or otherwise disposed of pursuant to 21 U.S.C. § 827 and 21 C.F.R. § 1304.01 et seq., on the controlled premises.

3. Your affiant has examined files and records of the Drug Enforcement Administration and has found that the Drug Enforcement Administration has never previously conducted an inspection of COLER DRUG DRESDEN.

4. COLER HEALTHCARE d.b.a. SHRIVERS PHARMACY is registered with DEA as a retail pharmacy authorized to handle and dispense Schedule II through V controlled substances. SHRIVERS PHARMACY, under the sole ownership of John Coler, currently have 12 active DEA registrations classified as retail pharmacies throughout Southeastern Ohio. Amongst the 12 active DEA registrations classified as retail pharmacies are the below, all of which are in the Southern District of Ohio:

   a. COLER DRUG DRESEDEN; (The instant application seeks authority to execute an administrative inspection warrant at this pharmacy.)

   b. SHRIVERS PHARMACY # 4;

   c. SHRIVERS PHARMACY # 6;

   d. SHRIVERS PHARMACY # 7;

   e. SHRIVERS PHARMACY # 8;

   f. SHRIVERS PHARMACY & WELLNESS III;

   g. SHRIVERS PHARMACY & WELLNESS IV; and

   h. SHRIVERS PHARMACY & WELLNESS.[1]

5. SHRIVERS PHARMACY is not registered with DEA as a reverse distributor; therefore, none of the 12 retail pharmacies are authorized to collect (or take back) expired, contaminated, and/or unusable controlled substances from another Registrant to dispose. Additionally, SHRIVERS PHARMACY is not registered with DEA as a collector. Therefore, none of the 12 retail pharmacies are authorized to collect (or take back) expired, contaminated, and/or unusable controlled substances from the public.

6. On Monday, March 11, 2024, DEA Columbus District Office conducted a regulatory inspection at SHRIVERS PHARMACY # 1, 105 North Kennebec Avenue, McConnelsville, Ohio 43756, DEA Registration # FS0413411, expiration date February 28, 2025. Upon arrival, DEA conferred with the Pharmacist in Charge

---

[1] In addition to these eight pharmacies, DEA has recently conducted administrative inspections at three additional pharmacies associated with COLER HEALTHCARE d.b.a. SHRIVERS PHARMACY. Those three inspections are discussed in this affidavit. Those three additional pharmacies are SHRIVERS PHARMACY # 1, SHRIVERS PHARMACY # 3, and SHRIVERS PHARMACY # 11. The remaining pharmacy associated with COLER HEALTHCARE d.b.a. SHRIVERS PHARMACY is at a long-term care facility; the DEA is not seeking a warrant for that facility at this time.

4

("PIC"), and the PIC consented to the inspection. DEA explained that the inspection would last approximately for the remainder of the week, that DEA personnel would make all reasonable efforts to not interfere with the operation of SHRIVERS PHARMACY # 1, and that SHRIVERS PHARMACY # 1 could, and was expected to, continue normal business operations while the inspection was being conducted.

7. On March 12, 2024, DEA Columbus District Office received intelligence from a duty call that SHRIVERS PHARMACY # 1 covertly returned illegally possessed expired controlled substances, back to the local fire department, after DEA personnel had left the controlled substance premises for the day. These expired controlled substances that were returned to the fire department include Schedule II, III, and IV controlled substances.[2] After receiving the intelligence, DEA personnel met with the fire department and collected the controlled substances. DEA personnel also reviewed paperwork reflecting that the fire department had initially lawfully purchased the controlled substances from SHRIVERS PHARMACY # 1. DEA personnel then returned to SHRIVERS PHARMACY # 1 and resumed the inspection of the pharmacy. At no point during the inspection did SHRIVERS PHARMACY # 1 personnel advise that they had returned the expired controlled substances to the local fire department. At the completion of the inspection, DEA personnel discussed with SHRIVERS PHARMACY # 1, including the PIC, that it had learned and obtained evidence that SHRIVERS PHARMACY # 1 had covertly returned illegally possessed expired controlled substances back to the local fire department, and SHRIVERS PHARMACY # 1 admitted that it had done so and that it had not advised DEA personnel of its conduct.

8. At the completion of the inspection, DEA personnel made certain findings, including findings of violations. Those violations primarily pertained to the possession and covert return of expired controlled substances by SHRIVERS PHARMACY # 1. The findings from the regulatory inspection revealed that SHRIVERS PHARMACY # 1 failed to comply with federal regulations, including the violations of the federal regulations below:

   a. All applicants and registrants shall provide effective controls and procedures to guard against theft and diversion of controlled substances, as required by 21 C.F.R. § 1301.71(a).

---

[2] For context, previously, SHRIVERS PHARMACY # 1 had lawfully sold controlled substances to the local fire department. Subsequently, SHRIVERS PHARMACY # 1, despite it being licensed neither as a reverse distributor nor as a collector, had collected the fire department's expired, contaminated, and/or unusable controlled substances to dispose. After the arrival of DEA at SHRIVERS PHARMACY # 1 (described in paragraph 6), SHRIVERS PHARMACY # 1 covertly returned the expired controlled substances to the fire department.

5

    b. Controlled substances listed in Schedules II, III, IV, and V shall be stored in a securely locked, substantially constructed cabinet, as required by 21 C.F.R. § 1301.75(b).

    c. Failure to maintain a complete and accurate record of all controlled substances on hand on the date the inventory is taken at the registered location. Controlled substances shall be deemed to be "on hand" if they are in the possession of or under the control of the registrant, as required by 21 C.F.R. § 1304.11(a) and 21 U.S.C. § 827(a)(1), in violation of 21 U.S.C. § 842(a)(5).

    d. Every registrant required to keep records shall maintain, on a current basis, a complete and accurate record of controlled substances, as required by 21 C.F.R. § 1304.21(a) and 21 U.S.C. § 827(a)(3), in violation of 21 U.S.C. § 842(a)(5).

    e. It shall be unlawful for any person to distribute a controlled substance in schedule I or II to another except in pursuance of a written order of the person to whom such substance is distributed, made on a form to be issued by the Attorney General, as required by 21 C.F.R. § 1305.03 and 21 U.S.C. § 828(a), in violation of 21 U.S.C. § 843(a)(1).

    f. It shall be unlawful for any person who is a registrant to distribute or dispense a controlled substance not authorized by the registration to another registrant or other authorized person not authorized by the registration, in violation of 21 U.S.C. § 842(a)(2).

    g. It shall be unlawful for any person knowingly or intentionally to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge, in violation of 21 U.S.C. § 843(a)(3).

    h. It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, in violation of 21 U.S.C. § 844(a).

9. As a result of the findings during the inspection at SHRIVERS PHARMACY # 1, on March 14, 2024, DEA Columbus District Office conducted a site visit at SHRIVERS PHARMACY # 3, 406 Brighton Boulevard, Zanesville, Ohio 43701, DEA Registration # BC8590273, expiration date August 31, 2024. At this location, the PIC was not available, but the Staff Pharmacist ("SP") consented to an inspection.

10. During the site visit, DEA personnel observed a box with 32 different Schedule II controlled substances awaiting disposal placed under a desk in the office.[3] The box under the desk was not secure and access to the contents of the box – including the controlled substances – was not limited. Pursuant to 21 C.F.R. § 1301.75(b), Schedule II controlled substances must be stored in a securely locked and substantially constricted cabinet/drawer. Based on their observations, DEA personnel concluded that SHRIVERS PHARMACY # 3 was storing these Schedule II controlled substances in violation of federal regulation. COLER HEALTHCARE standard operating procedure also requires that Schedule II controlled substances be stored in a secured manner. The manner in which the observed Schedule II controlled substances were discovered also violated COLER HEALTHCARE operating procedure.

11. At the completion of the inspection, DEA personnel made certain findings, including findings of violations. Those violations primarily pertained to the box of 32 different Schedule II controlled substances that was not secured at SHRIVERS PHARMACY # 3. The findings from the regulatory inspection revealed that SHRIVERS PHARMACY # 3 failed to comply with federal regulations, including the violations of the federal regulations below:

   a. All applicants and registrants shall provide effective controls and procedures to guard against theft and diversion of controlled substances, as required by 21 C.F.R. § 1301.71(a).

   b. Controlled substances listed in Schedules II, III, IV, and V shall be stored in a securely locked, substantially constructed cabinet, as required by 21 C.F.R. § 1301.75(b).

   c. Failure to maintain a complete and accurate record of all controlled substances on hand on the date the inventory is taken at the registered location. Controlled substances shall be deemed to be "on hand" if they are in the possession of or under the control of the registrant, as required by 21 C.F.R. § 1304.11(a) and 21 U.S.C. § 827(a)(1), in violation of 21 U.S.C. § 842(a)(5).

   d. Every registrant required to keep records shall maintain, on a current basis, a complete and accurate record of controlled substances, as required by 21 C.F.R. § 1304.21(a) and 21 U.S.C. § 827(a)(3), in violation of 21 U.S.C. § 842(a)(5).

12. Additionally, on March 14, 2024, DEA Cleveland District Office conducted a site visit at SHRIVERS PHARMACY # 11, 202 West Main Street, Loudonville, Ohio 44842,

---

[3] For context, this box of 32 controlled substances included 193 pills of morphine ER (extended release) (30 mg), 217 pills of hydromorphone (8 mg), and 10 fentanyl transdermal patches (7.5 mcg/hour).

7

DEA Registration # FS0164474, expiration date August 31, 2024. The site visit revealed that SHRIVERS PHARMACY # 11 was compliant with the requirements of 21 C.F.R.

13. Based on your affiant's training and experience and knowledge of the information gained from the aforementioned three inspections/site visits, your affiant believes that the standard operating procedures for all pharmacies under COLER HEALTHCARE to be similar. Your affiant believes and anticipates that personnel at the pharmacies under COLER HEALTHCARE to be comprised of different individuals from location to location. However, the leadership of the pharmacies is the same – the CEO, COO, and Director of Pharmacy for all 12 pharmacies under COLER HEALTHCARE are known to be the same.

14. An inspection pursuant to the requested warrant would be undertaken as part of the authorized inspection program designed to assure compliance with the Comprehensive Drug Abuse Prevention and Control Act of 1970 (P.L. 91-513).

15. The inspection will be conducted during regular business hours. (Note: the pharmacy's hours of operation are as follows: Monday through Friday from 9:00am to 6:00pm, Saturday from 9:00am to 1:00pm, and closed on Sunday.) The investigators' credentials will be presented to the registrant as prescribed in Section 510 of the Act. The inspection will begin as soon as practicable after the issuance of this warrant and will be completed with reasonable promptness.

16. This inspection will extend to the Controlled Premises and all pertinent equipment, records, finished and unfinished materials, containers and labeling therein, including, but not limited to, computerized records, which refer to or relate to the dispensing, administration, or distribution of controlled substances. This inspection will also extend to the copying of inventories, records, reports, (prescriptions), order forms, invoices and other documents required to be kept and the inspection of all other items therein, including records, files, and papers appropriate for the verification of the records, reports, and documents required to be kept under the Controlled Substances Act and regulations promulgated thereunder.[4]

17. Samples of paperwork and records required under the Controlled Substances Act, including computerized records, will be collected when necessary, and a receipt, a DEA Form-12, which is a Receipt for Cash or Other Items, will be given, on-site at the time of the seizure, for any items collected pursuant to the warrant.

18. As part of the inspection, DEA personnel will conduct an inventory of a random sample of four controlled substances. As part of the inventory procedure, DEA personnel will

---

[4] The DEA does not intend to copy all documentation at the pharmacy.

8

not handle the controlled substances. Instead, DEA personnel will request the assistance of pharmacy personnel and will observe pharmacy personnel conduct a count of the controlled substance being inventoried. DEA personnel will document the process, the personnel, and the count.

19. With regard to the seizure of physical drugs during this inspection, your affiant does not seek authority to seize any non-controlled substances. Furthermore, with regard to the seizure of controlled substances, your affiant seeks authority only to seize the controlled substances that are at the pharmacy in contravention of federal law, as opposed to contravention of federal regulation.[5] Your affiant seeks authority to seize any controlled substances that are at the pharmacy contrary to federal law. If any property is seized pursuant to the warrant, a copy of the warrant and a receipt for the property taken will be given to the person in charge of the pharmacy on the final day of the inspection, or the documents will be left at the place from which the property was taken. The inventory of the property taken will be made in the presence of DEA personnel executing the warrant and of the person in charge of the pharmacy at the time of the seizure, if the person in charge is present; if the person in charge is not present, the inventory will be made in the presence of at least one other credible person other than the person making the inventory. The inventory of property seized will be verified by the person executing the warrant. Additionally, at the time of the seizure of any such property, DEA personnel will give the PIC, or other authorized pharmacy personnel, an opportunity to witness the seizure of the property and an opportunity to sign and/or initial the physical packaging of the seized controlled substances, after the seized controlled substances have been secured in the packaging.

20. The undersigned Diversion Investigator may be accompanied by one or more Diversion Investigators and Special Agents duly authorized by the DEA, Department of Justice. Due to the number of inspections being conducted simultaneously at different locations as part of this investigation, your affiant will not be present at all the different locations.

21. A return will be made to the Court promptly, accompanied by a written inventory of all records and property taken pursuant to the warrant.

22. The authority for the issuance of the inspection warrant is Section 510 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (P.L. 91-513), 21 U.S.C. § 880.

---

[5] As an example, at the foregoing inspections/site visits, investigators would only seize the controlled substances that were illegally returned to the fire department, because the pharmacy had possessed (and re-distributed) them illegally. Investigators would not seize the controlled substances under the desk, because the pharmacy did not possess them illegally – it possessed them contrary to federal regulation.

9

23. Your affiant further states that he has verified and has knowledge of the facts alleged in this affidavit and that they are true to the best of his knowledge, information and belief.

WHEREFORE, your affiant respectfully requests that an inspection warrant be issued.

*CALEB EWING*
Digitally signed by CALEB EWING
Date: 2024.06.08 22:03:30 -04'00'

Caleb Ewing
Diversion Investigator
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence and/or by reliable electronic means:

*Chelsey M Vascura*

CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

Date: June 9, 2024